General Motors Acceptance
Corporation
Suing through its assignors
A. E. Desrochers et al. } No. 86854.
vs.
Edward M. Smith

December 28, 1931.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is an action in assumpsit brought by the assignee of the sellers of an automobile against the purchaser to recover a balance alleged to be due on the sale price of the machine.

About the middle of July, 1930, the defendant had some talk with A. E. Desrochers, who with P. A. Desrochers was doing business under the name of Silvertown Chevrolet, concerning the purchase of a Chevrolet coach, for $737, he to turn in as part payment on this price his old machine valued at $300. According to the sale's slip introduced in evidence, delivery of the new machine was to be made on July 19. For some reason nothing was done at that time but on September 13 a conditional sale contract was entered into whereby the defendant was allowed $276 on his old automobile and was required to pay $26 per month for seventeen months and $19 on the eighteenth month following the date of the contract.

The October and November payments were made under protest, as the defendant says, and sometime after the payment of the November installment the Chevrolet coach was damaged in a collision and in such condition was turned back to the Acceptance Corporation to which the sales contract had been assigned. The assignee, as it had the right under the contract, sold the car before it was repaired for $158. The present suit was then brought to collect the sum of $288.36, claimed to be due under the contract.

The defendant contended that the contract, dated September 13, 1930, on which suit was brought, was signed by him in blank and that as afterwards drawn it did not embody the understanding which he had reached with A. E. Desrochers, in two particulars. He asserted that the amount allowed to him on his old car should have been $300 rather than $276 and

that the monthly payment should have been $25 in place of $26.

Arthur E. Desrochers did not unequivocally deny that the contract was signed before the blanks were filled in but stated that the contract forms were commonly filled in by the stenographer while the purchaser was present and he assumed that course was followed in this case. He did assert that the amounts named in the contract were those reached by the parties in their conversations preceding the signing of the contract.

The defendant testified in reference to the amount allowed for his old car that he assumed that he would get what had been talked about, referring to the conversation two months before the signing of the contract. But as Desrochers explained, the defendant had after that the use of his car for two more months and again the application blank, defendant's Exhibit A, distinctly provides that if the old car is not delivered until the time of delivery of the new one, the old machine is subject to re-appraisal.

As to the amount of the monthly assignment, defendant testified that Desrochers had said that the monthly installment would be just about $25. Defendant also testified that he paid the two installments under protest but he appears to have retained the car until it was disabled. On the whole the Court thinks that the evidence given by the defendant as well as the evidence as a whole shows that the written contract embodied very accurately the terms previously agreed upon.

Inasmuch as the verdict of the jury was for the defendant it was, in the Court's judgment against the evidence. The verdict does not do substantial justice between the parties and plaintiff's motion for a new trial is therefore granted.

For plaintiff: Taft & Beane.

For defendant: John E. Mullen.